**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| STEVEN RAYMOND, KYONG 'GINA' RAYMOND, and CHASE HYON, individually and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ZACH CONINE, in his official capacity as NEVADA STATE TREASURER and ADMINISTRATOR OF THE NEVADA UNCLAIMED PROPERTY PROGRAM, NEVADA STATE TREASURER'S OFFICE, and DANIELLE ANTHONY, in her official capacities as DEPUTY TREASURER OF UNCLAIMED PROPERTY, NEVADA STATE TREASURER'S OFFICE, Defendants.<br><br>Defendants. | Case No. 2:23-CV-01195-CDS-MDC<br><br>**ORDER GRANTING MOTION TO STAY DISCOVERY** |

The Court has considered the defendants' *Motion to Stay Discovery* (ECF No. 40)("Motion"). The Court **GRANTS** Motion. First, plaintiffs consented to the granting the Motion by operation of the Local Rules. Specifically, plaintiff did not oppose the Motion. Local Rule 7-2(d) provides, "The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." *Id.*

Second, the Court finds staying discovery is appropriate in this case. Federal courts have the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The district court has wide discretion in controlling discovery[.]" *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (*citing Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). When considering a motion to stay discovery while a

dispositive motion is pending, "this court considers the goal of Rule 1 of the Federal Rules of Civil Procedure which directs that the Rules shall 'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Tradebay*, 278 F.R.D. at 602 (*quoting* Fed. R. Civ. P. 1). Thus, the Court may consider staying discovery pursuant to its inherent powers and discretion, together with the goals pronounced by Rule 1.

The undersigned Magistrate Judge previously adopted the pragmatic approach when considering motions to stay discovery because a dispositive motion is pending. *Aristocrat Techs., Inc. v. Light & Wonder, Inc.*, No. 2:24-CV-00382-GMN-MDC, 2024 WL 2302151, at *2 (D. Nev. May 21, 2024). The pragmatic approach considers only the following two elements: (1) if the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery. *Id.* Here, the defendants have filed a motion to dismiss for lack of subject matter jurisdiction (ECF No. 28) and there is no dispute the motion can be decided without further discovery. The Court also finds good cause to stay discovery until the Court's subject matter jurisdiction is resolved.

For the foregoing reasons,

**IT IS ORDERED** that defendants' Motion is **GRANTED.** Discovery in this matter shall be stayed pending resolution of defendants' motion to dismiss (ECF No. 28).

**IT IS FURTHER ORDERED** that, if the Court denies' defendants' motion to dismiss (ECF No. 28), the parties shall file an LR 26-1 Stipulated Discovery Plan & Scheduling Order within two (2) weeks of the entry of the Court's order denying the motion to dismiss.

**IT IS FURTHER ORDERED** that the parties shall use the correct case number, "2:23-CV-01195-CDS-MDC," in all future filings.

Dated:  July 15, 2024

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

2