UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Steven Raymond, et al., <br><br> Plaintiffs <br><br> v. <br><br> Zach Conine, in his official capacity as Nevada Secretary of State, et al., <br><br> Defendants | Case No. 2:23-cv-01195-CDS-MDC <br><br> **Order Granting Defendants' Motion to Dismiss** <br><br> [ECF No. 28] |

This is a putative class action pursuant to 42 U.S.C. § 1983 seeking declaratory, preliminary, and permanent injunctive relief. Plaintiffs Steven and Kyong "Gina" Raymond and Chase Hyon (together, plaintiffs) challenge the constitutionality of Nevada's Uniform Unclaimed Property Act ("NUUPA") under the Takings Clause of the Fifth Amendment and the Due Process Clause of the Fourteenth Amendment. Plaintiffs allege that they, as putative class members, had their property seized without notice, generally mishandled, and at times, sold, by the defendants. Defendants Zach Conine, Nevada's State Treasurer and administrator of Nevada's unclaimed property program, Danielle Anthony, Deputy Treasurer of Unclaimed Property, and Nevada's State Treasurer's Office (together, defendants) move to dismiss the first amended complaint ("FAC"), arguing that this court lacks subject matter jurisdiction based on lack of standing; the claims are barred by sovereign immunity; and further that the action should be dismissed under comity principles. *See generally* ECF No. 28. Plaintiffs oppose the motion, asserting that this court does have jurisdiction over this matter, that defendants cannot invoke sovereign immunity over the claims based on the certain exceptions to that doctrine, and finally that abstention would be inappropriate in this instance. *See generally* ECF No. 29.

Plaintiffs also argue that this motion is untimely as it was filed one day after the joint, stipulated due date to file an answer or otherwise respond to the complaint in this action. *See id.* at 7 n.8. The joint stipulation states that "Plaintiffs and Defendants agree that the September 8, 2023 deadline for Defendants to answer or otherwise respond to the Complaint may be extended by thirty days up to and including October 9, 2023." ECF No. 26 at 2. While I could deny the motion for being untimely filed, in the interest of justice, and given the motion raises jurisdictional challenges, I decline to do so. Instead, I resolve the motion on its merits and dismiss this action without prejudice and with leave to amend.

## I.   Legal standard

The Federal Rules of Civil Procedure require a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal is appropriate under Fed. R. Civ. P. 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. *Id.* (b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Id.*

Accordingly, Fed. R. Civ. P. 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

With limited exception, when ruling on a 12(b)(6) motion, a court cannot consider evidence outside the pleadings without converting the motion to dismiss into one for summary

judgment and giving the opposing party an opportunity to respond. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).[1] However when, like here, defendants move for dismissal based on Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), a court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A defendant may challenge the existence of subject matter jurisdiction by either attacking the allegations set forth in the complaint (facial attack), or by attacking the existence of subject matter jurisdiction in fact (factual attack). *Thornhill Pub. Co. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (discussing that a Rule 12(b)(1) jurisdictional attack may be facial or factual). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. In deciding a facial attack, courts must accept the allegations as set forth in the complaint as true. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). A motion lodging a factual attack disputes the truth of the complaint's allegations that purportedly give rise to federal jurisdiction. *See Safe Air*, 373 F.3d at 1039.

If the Rule 12(b)(1) motion asserts a factual attack because extrinsic evidence is presented challenging the facts that are the basis for subject matter jurisdiction, then the party asserting federal jurisdiction "must support [its] jurisdictional allegations with competent proof under the same evidentiary standard that governs the summary judgment context." *See Leite v. Crane Co.*, 749 F.3d 1117, 1121–22 (9th Cir. 2014) (internal citations and quotation marks omitted). In the Ninth Circuit, a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment, nor must the court presume the

---

[1] The exceptions include: (1) documents attached to the complaint; (2) documents incorporated by reference in the complaint; and (3) matter that is judicially noticeable under Federal Rule of Evidence 201. *See United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003). To the extent that exhibits are attached to argument related to the parties' 12(b)(6) motions, I exercise my discretion and decline to consider them as the court is not obliged to convert a 12(b)(6) motion to one for summary judgment in every case where a party seeks to rely on matters outside the complaint. *See United States v. Int'l Longshoremen's Ass'n*, 518 F. Supp. 2d 422, 451 (E.D.N.Y. 2007).

3

truthfulness of the plaintiff's allegations. *See White*, 227 F.3d at 1242. The party seeking to invoke this court's jurisdiction bears the burden of proving it exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).

Further, "[w]hen 'standing is challenged on the basis of the pleadings,' the court must 'accept as true all material allegations of the complaint' and 'construe the complaint in favor of the complaining party.'" *Cal. Rest. Ass'n v. City of Berkeley*, 65 F.4th 1045, 1049 (9th Cir. 2023) (quoting *Pennell v. City of San Jose*, 485 U.S. 1, 7 (1988)). At this stage, "general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (internal quotation marks and citation omitted).

Finally, if the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Fed. R. Civ. P. 15(a), a court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive of the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178 (1962).

**II.   Discussion**

    **A.  About Nevada's Uniform Unclaimed Property Act.**

Nevada's Uniform Unclaimed Property Act ("NUUPA") was first codified in 1979. It sets forth the statutory scheme for requirements for holders of property that has been deemed abandoned with the State. NUUPA established that the person who administers unclaimed property is the State Treasurer. The purpose behind NUUPA is to establish a mechanism for

rightful owners[2] to claim their property that has been deemed abandoned. Property, as defined by NUUPA, includes, without limitation:

(a) All income from or increments to the property.
(b) Property that is referred to as or evidenced by:
  (1) Money, virtual currency or interest, or a payroll card, dividend, check, draft or deposit;
  (2) A credit balance, customer's overpayment, stored-value card, security deposit, refund, credit memorandum, unpaid wage, unused ticket for which the issuer has an obligation to provide a refund, mineral proceeds or unidentified remittance;
  (3) A security, except for a security that is subject to a lien, legal hold or restriction evidenced on the records of the holder or imposed by operation of law, if the lien, legal hold or restriction restricts the holder's or owner's ability to receive, transfer, sell or otherwise negotiate the security;
  (4) A bond, debenture, note or other evidence of indebtedness;
  (5) Money deposited to redeem a security, make a distribution or pay a dividend;
  (6) An amount due and payable under the terms of an annuity or insurance policy; and
  (7) An amount distributable from a trust or custodial fund established under a plan to provide health, welfare, pension, vacation, severance, retirement, death, stock purchase, profit sharing, employee savings, supplemental unemployment insurance or similar benefits.

Nevada Revised Statutes (NRS) 120A.113.

NUUPA has specific rules for: (1) taking custody of property that is presumed abandoned (NRS 120A.530); (2) reporting abandoned property; and (3) the process for filing a claim on property that has been deemed abandoned or transferred to the NUUPA's Administrator. NRS 120A.640. NUUPA also sets forth notice requirements. *See* NRS 120A.580(1) (setting publication requirements depending on the size of the county where the abandoned property has been paid or delivered). There is no statute of limitations for claiming abandoned property. *See* NRS 120A.590(2).

---

[2] Under NUUPA, an "owner" is defined as "a person who has a legal or equitable interest in property subject to this chapter or the person's legal representative." NRS 120A.100. The term "owner" "includes, without limitation, a depositor in the case of a deposit, a beneficiary in the case of a trust other than a deposit in trust, and a creditor, claimant or payee in the case of other property." *Id.*

**B.  Plaintiffs bring this action to challenge the constitutionality of NUUPA.**

In the amended complaint, plaintiffs Steven and Kyong "Gina" Raymond and Chase Hyon each allege they had property taken from them without notice, knowledge, or consent. *See* FAC, ECF No. 7 at ¶¶ 11 (Steven), 20 (Gina), 25 (Chase). As it relates to Steven, the complaint cites four different properties he located on the NUUPA's website,[3] which he alleges were unlawfully taken from him. *See id.* at ¶¶ 14–17. Gina and Chase each cite to one property they allege was unlawfully taken from them. *Id.* at ¶¶ 21 (Gina), 26 (Chase).

All three plaintiffs allege they are subject to ongoing harm because the State continues to hold their property without any pre-deprivation notice. *Id.* at ¶¶ 18, 23, 28. All plaintiffs also claim that because they are citizens of Nevada who have other accounts such as cellphones, utilities, and bank accounts and that they are threatened with additional deprivations of property without due process. *Id.* Plaintiffs allege that the State Treasurer Zach Conine, and his Deputy Treasurer, Danielle Anthony, have failed to ensure that NUUPA complies with the U.S. Constitution, and that only legal action will prevent their ongoing, unconstitutional acts. *Id.* at 31. Specifically, plaintiffs allege that defendants unlawfully "seize private property from citizens, use it to generate interest income for the State, and then convert it for use as revenue for the State." *Id.* at ¶ 42. Plaintiffs challenge other aspects of NUUPA, such as alleging that their funds and the funds of putative class members are "wrongfully commingle[d]" and that the unlawful sale of unclaimed property is deposited into Nevada's General Fund,[4] and the proceeds are unlawfully converted into revenue for the State or used to supplement the State's budget, expenditures, or to pay debts. *Id.* at ¶¶ 42, 45–47.

---

[3] *See* https://www.nevadatreasurer.gov/Unclaimed_Property/UP_Home/ (last accessed on July 16, 2024).
[4] NRS 120A.620(1) created in the State General Fund "the Abandoned Property Trust Account." "All money received by the Administrator under this chapter, include the proceeds from the sale of abandoned property, must be deposited by the Administrator in the State General Fund for credit to the Account." *Id.* at subsection 2. That same statute also sets forth how and when the balance in the Account shall be transferred. *See id.* at subsection 5(a)–(e), and subsection 6.

Accordingly, plaintiffs bring one claim for declaratory relief seeking a declaration that NUUPA is unconstitutional and that defendants violated the U.S. Constitution in their enforcement of that law, and three § 1983 claims, two alleging procedural due process violations, and one alleging a violation of the Takings Clause. *Id.* at 26–30.

### C. Defendants move to dismiss this action.

Defendants move to dismiss this action in its entirety on the ground that jurisdictional defects and sovereign immunity bar the action. *See generally* ECF No. 28. They further argue that this action should be dismissed because plaintiffs failed to state a claim upon which relief can be granted, and because plaintiffs also failed to exhaust their administrative remedies prior to filing suit. *Id.* Plaintiffs oppose the motion, arguing this court has jurisdiction; that defendants cannot invoke sovereign immunity based on the claims in the amended complaint; that there was no requirement or obligation to exhaust administrative remedies before bringing this action; and that abstention in this case would be inappropriate. *See generally* ECF No. 29. Plaintiffs also argue that they have, in fact, stated claims upon which relief can be granted. *Id.* at 16–21.

Because this court to must determine whether subject matter jurisdiction exists before analyzing the merits of a party's claims, *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), I begin resolution of the motion to dismiss by addressing jurisdiction, resolving both the question of sovereign immunity, and standing. Because I find I lack jurisdiction, I dismiss this action without prejudice to plaintiffs' ability to cure the jurisdictional deficiencies.

#### 1. *Sovereign Immunity*

Defendants argue that this action is barred by sovereign immunity. ECF No. 28 at 9–10. Plaintiffs dispute this claim, arguing that this action is permissible under the *Ex parte Young* exception because: (1) they are suing defendants in their official capacities; and (2) they seek prospective, injunctive, and declaratory relief to preclude defendants from continuing to enforce NUUPA and causing further constitutional violations. ECF No. 29 at 9–11.

The Eleventh Amendment of the United States Constitution provides that the "Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Supreme Court has long held that a plaintiff may not circumvent the Eleventh Amendment by suing specific state officials instead of the State. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (holding that states and state actors are not "persons" under the provisions of § 1983). Thus, suits against state actors "acting in their official capacities" are actually suits against the state and are thus barred by the Eleventh Amendment. *Id.* at 26.

But sovereign immunity under the Eleventh Amendment is not limitless. The *Ex parte Young* doctrine is a very narrow exception to Eleventh Amendment immunity; it applies to challenges to the constitutionality of state officials acting in their official capacity when plaintiffs seek only prospective relief. *Ex parte Young*, 209 U.S. 123, 159–60 (1908); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 92 (1989); *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 269 (1997); *see also R.W. v. Columbia Basin Coll.*, 77 F.4th 1214, 1219 (9th Cir. 2023).

Based on the allegations set forth in the amended complaint, I find that the *Ex parte Young* doctrine does apply here because plaintiffs are challenging the constitutionality of defendants' actions, in their official capacities, and seek prospective relief. *See, e.g., Columbia Basin Coll.*, 77 F.4th at 1219 (quoting *Mich. Dep't of State Police*, 491 U.S. at 71 ("an action brought under *Ex parte Young* 'is not a suit against the official but rather is a suit against the official's office.'")). Thus, sovereign immunity does not bar this action.

### 2. Justiciability

This court's jurisdiction is limited to "Cases" and "Controversies." U.S. Const., art. III, § 2; *see Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013) ("Article III demands that an actual controversy persist throughout all stages of litigation.") (internal quotation marks omitted). The doctrine of standing gives meaning to these constitutional limits by "identify[ing] those disputes

8

which are appropriately resolved through the judicial process." *Lujan*, 504 U.S. at 560. To maintain a claim, a litigant must continue to have a personal stake in all stages of the judicial proceeding. *Abdala v. INS*, 488 F.3d 1061, 1063 (9th Cir. 2007) (internal citation omitted). To establish Article III standing, a plaintiff must show: (1) an "injury in fact"; (2) a sufficient "causal connection between the injury and the conduct complained of"; and (3) a "likel[ihood]" that the injury "will be redressed by a favorable decision." *Lujan*, 504 U.S. at 560–61 (internal quotation marks omitted).

This case concerns the injury-in-fact requirement, which helps to ensure that the plaintiff has a "personal stake in the outcome of the controversy." *Warth v. Seldin*, 422 U.S. 490, 498 (1975) (internal quotation marks omitted). An injury sufficient to satisfy Article III must be "concrete and particularized" and "actual or imminent." *Lujan*, 504 U.S. at 560 (some internal question marks omitted). An injury cannot be hypothetical or based on conjecture. *Id.*

As relevant here, to determine if the injury-in-fact requirement can be satisfied, the court must first determine if plaintiffs seek prospective or retrospective relief. Plaintiffs assert they seek prospective relief, so they must show that the threat of future injury is "actual and imminent, not conjectural or hypothetical."[5] *See Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009); *see also Canatella v. California*, 304 F.3d 843, 852 (9th Cir. 2002) ("In the particular context of injunctive and declaratory relief, a plaintiff must show that he has suffered or is threatened with a concrete and particularized legal harm . . . coupled with a sufficient likelihood that he will again be wronged in a similar way."). An allegation of future injury can be sufficient if the threatened injury is "certainly impending," or there is a "'substantial risk' that the harm will occur." *Clapper v. Amnesty Int'l USA*, 568 U.S 398, 414 n.5 (2013) (emphasis deleted and internal quotation marks omitted).

---

[5] In contrast, a plaintiff seeking retrospective relief satisfies the injury in fact requirement if they have suffered a past injury that is concrete and particularized. *Grider v. City and County of Denver*, 958 F. Supp. 2d 1262, 1266 (D. Colo. 2013) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02 (1983)).

The concrete harm requirement does not apply as rigorously when a private plaintiff seeks to vindicate his own private rights. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 347 (2016), *as revised* (May 24, 2016). In *Spokeo*, the Supreme Court wrote that in such cases, "a plaintiff [may] assert an actual injury beyond the violation of his personal legal rights to satisfy the "injury-in-fact" requirement. *Id.* (citing *Carey v. Piphus*, 435 U.S. 247, 266 (1978) (holding that nominal damages are appropriate when a plaintiff's constitutional rights have been infringed but he cannot show further injury)).

Here, this action is brought as a class action. As a result, plaintiffs, as class representatives, must allege that they have been personally injured, "not that injury has been suffered by other, unidentified members of the class to which they belong." *Id.* at 338 n.6. A prerequisite to class certification under Federal Rule of Civil Procedure Rule 23 is demonstrating that a class representative: (1) is a member of the class; (2) possesses the same interest as the class members; and (3) suffers the same injury as class members. *See Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011).

### a. *Plaintiffs fail to demonstrate standing.*

Defendants argue that plaintiffs have failed to allege an injury-in-fact and thus lack standing to bring this suit. ECF No. 28 at 10–13. Namely, defendants assert that plaintiffs fail to establish ownership over the property they claim is being unconstitutionality held by the State because they fail to allege they made any attempts to claim said property. *Id.* Plaintiffs respond that because, at this stage of the litigation, the court must accept the allegations in the complaint as true, the court must find that plaintiffs have properly alleged an injury in fact. ECF No. 29 at 12–13. They further contend that finding the property on Nevada's unclaimed property website, together with the associated addresses for the property, is sufficient to allege an injury in fact. *Id.* at 13. I disagree.

Plaintiffs' argument asks this court to abandon its obligation to determine if there is an injury in fact, a necessary requirement to Article III standing. *See FW/PBS, Inc. v. City of Dallas*, 493

U.S. 215, 231 (1990) ("The federal courts are under an independent obligation to examine their own jurisdiction, and standing 'is perhaps the most important of [the jurisdictional] doctrines.'") (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)). While at the motion to dismiss stage the court is required to accept as true all material allegations of the complaint, as well as the reasonable inferences that can be drawn from them, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), that does not eliminate plaintiffs' burden to demonstrate that they *personally* suffered an injury in fact—an invasion of a legally protected interest. *Lujan*, 504 U.S. at 561; *see also Kaviani v. Caliber Home Loan*, 2019 WL 3219140, at *5 (D. Nev. July 17, 2019) (dismissing case for lack of standing where plaintiff attempts to bring claims relating to interest in real property without demonstrating an individual ownership interest in the property); *see also Joshua David Mellberg LLC. v. Will*, 2019 WL 6711480 (D. Ariz. Nov. 25, 2019) (finding that, without establishing an interest in an LLC's assets, a plaintiff's 50% ownership stake was insufficient to support the plaintiff's personal injury).

  Plaintiffs have not sufficiently alleged ownership of the respective property identified in the amended complaint.[6] Rather, the complaint alleges that plaintiffs searched for their names on the Nevada's unclaimed property website and found potential claims based on the associated addresses. *See* FAC, ECF No. 7 at ¶¶ 14–17, 21, 26. However, there is no way for the court to know whether the identified property belongs to plaintiffs—the identified property may belong to other individuals who have similar names; the same could be true of any potential class member. Further, plaintiffs do not allege that they even attempted to file an administrative claim to establish ownership over the property making their claim of ownership speculative, as well any potential alleged future injury to be speculative.[7] This is simply not enough to satisfy plaintiffs'

---

[6] Plaintiffs' failure to establish ownership over the property makes the *Lee-Malone* exception to sovereign immunity inapplicable here.

[7] Concisely stated, plaintiffs allege that they currently reside in Nevada and own property or maintain accounts in the state, therefore they could be subject to future wrongful deprivation of their property. *See generally* FAC, ECF No. 7 at ¶¶ 18, 23, 28.

burden under *Lujan*. Finally, because plaintiffs' allegations are based on conjecture and there is no continuing injury, they cannot sustain a claim under § 1983 for declaratory or injunctive relief. *See Int'l Med. Prosthetics Research Assocs., Inc. v. Gore Enter. Holdings, Inc.*, 787 F.2d 572, 575 (Fed. Cir. 1986) ("[J]urisdiction over [] a declaratory judgment action [must have] existed at, and has continued since, the time the complaint was filed.").

Plaintiffs have only alleged hypothetical harm, based on the assumption that the property identified in the complaint is theirs, rather than pleading that they have suffered an actual injury in fact that is concrete, particularized, actual, and/or imminent. Consequently, I find that there is no standing and thus grant defendants' motion to dismiss the amended complaint without prejudice.[8]

### b. *Leave to amend is granted.*

Leave to amend should be freely granted when justice so requires unless it is clear the pleading cannot be cured by additional facts. Fed. R. Civ. P. 15(a); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995). It is unclear if plaintiffs can amend to establish standing given it appears they did not even attempt to, nor do they believe they need to file a claim to establish ownership over the property at issue before bringing this action. *See In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1236 (9th Cir. 2008) (quoting *Mollan v. Torrance*, 22 U.S. 537, 539 (1824)) ("It is well-established that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.'"). Because it is unclear, I dismiss the FAC without prejudice and with leave to amend.

---

[8] Because I find that plaintiffs lack standing, I decline to address the other arguments raised by the parties.

IV.	Conclusion

IT IS THEREFORE ORDERED that defendants' motion to dismiss the amended complaint **[ECF No. 28] is GRANTED**. The first amended complaint is dismissed without prejudice and with leave to amend. If plaintiffs choose to file a second amended complaint, they must do so **by August 5, 2024**. Failure to timely amend may result in dismissal of this action under Federal Rule of Civil Procedure 41(b).

Dated: July 22, 2024

_____
Cristina D. Silva
United States District Judge