Krista J. Nielson (Nevada Bar No. 10698)
**TB TIFFANY & BOSCO**
P.A.
10100 W. CHARLESTON BLVD., STE. 220
LAS VEGAS, NEVADA 89135
TELEPHONE: (702) 258-8200
FACSIMILE: (702) 258-8787
knielson@tblaw.com

[Additional Counsel Listed on Signature Block]

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN RAYMOND, KYONG 'GINA' RAYMOND, and CHASE HYON individually and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ZACH CONINE, in his official capacity as NEVADA STATE TREASURER & ADMINISTRATOR OF THE NEVADA UNCLAIMED PROPERTY PROGRAM, NEVADA STATE TREASURER'S OFFICE, and DANIELLE ANTHONY, in her official capacity as DEPUTY TREASURER OF UNCLAIMED PROPERTY, NEVADA STATE TREASURER'S OFFICE,<br><br>Defendants. | Case No. 2:23-cv-01195-CDS-MDC<br><br>**PROPOSED JOINT STIPULATED PROTECTIVE ORDER** |

Plaintiffs and Defendants (jointly "Parties" and individual a "Party") in the above captioned matter (the "Litigation") stipulate to entry of a protective order (the "Joint Stipulated Protective Order" or "Protective Order") pursuant to Fed. R. Civ. P. 26(c) and L.R. 26-6. The Parties met and conferred on October 23, 2025, and in doing so created this Joint Stipulated Protective Order. The Parties each assert that they possess

information relating to the subject matter of this Litigation that is confidential and proprietary, the Parties recognize that in the course of discovery it may be necessary for the Parties or non-parties to disclose to another Party certain confidential and proprietary information and, in connection with such disclosure, each Party wishes to ensure that the information asserted as confidential and proprietary shall not be made public or otherwise disseminated by another Party.

Accordingly, the Parties have agreed to the following Protective Order:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used herein, "Confidential Information" shall be information that is confidential and implicates the privacy rights of the Parties and non-parties, including but not limited to: medical and personal financial information, private personnel information, trade secrets, other proprietary information, and information deemed confidential or otherwise protected from public disclosure under the Nevada Revised Statutes and/or Nevada Administrative Code. Confidential Information shall not be disclosed or used for any purpose except the preparation and trial of this case.

3. Confidential documents, materials, and/or information (collectively, "Confidential Information") shall not, without the consent of the designating Party or further Order of the Court, be disclosed except that such information may be disclosed to:

    a. attorneys actively working on this Litigation and persons regularly employed or associated with said attorneys whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this Litigation;

    b. the Parties, including their designated representatives and counsel;

      c. expert witnesses and consultants retained in connection with this Litigation to whom disclosure is reasonably necessary for this Litigation;

      d. the Court and its employees ("Court Personnel") and the jury at trial;

      e. stenographic and video reporters who are engaged in proceedings necessarily incident to the conduct of this Litigation;

      f. deponents, witnesses, or potential witnesses;

      g. anyone as otherwise required by law; and

      h. other persons by written agreement of the Parties

4. Prior to disclosing any Confidential Information to any person identified in sub-paragraph 3(c) (expert witnesses and consultants) or sub-paragraph 3(f) (deponents, witnesses, or potential witnesses), counsel shall provide such person with a copy of this Protective Order an obtain from such person a written acknowledgment, substantially in the form at Appendix A, stating that he or she has read this Protective Order and agrees to be bound by its provisions.

5. Documents are designated as Confidential by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." Documents which contain additionally sensitive information may also be designated as "ATTORNEYS' EYES ONLY" by providing similar notice.

6. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as Confidential and shall be subject to the provisions of this Protective Order. A Party may designate portions of depositions as Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty days after notice by the court reporter of the completion of the transcript. All testimony shall be treated as Confidential Information until the thirty-day period has expired.

7. A Party may object to the designation of particular Confidential Information by giving written notice to the Party designating the disputed information. The written notice

shall identify the information to which the objection is made and the basis for that objection. Pursuant to L.R. 26-6(c), the Parties shall meet and confer in "good faith" in accordance with L.R. I.A. 1-3(f). If the Parties cannot resolve the discovery dispute after a good-faith effort, the Parties shall jointly contact Chambers pursuant to the discovery dispute procedures in accordance with Standing Order & Chambers Practices of United States Magistrate Judge Maximiliano D. Couvillier III § 2(b) (D. Nev. June 2, 2025). The disputed information shall be treated as Confidential under the terms of this Protective Order until the Court issues a ruling on the dispute. The Party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

8. Unless other arrangements are agreed upon in writing by the Parties, within thirty days of the final determination of this Litigation, each person or Party who has received Confidential Information shall be obligated to return the Confidential Information, including any copies, to the designating Party, or the receiving Party may elect to destroy the Confidential Information, including any copies, and certify that it has been destroyed. The receiving Party, however, need not destroy or return (a) any Confidential Information that it is required by law to maintain or (b) one archival copy of all deposition transcripts and all materials filed with the Court, regardless of whether such materials (including exhibits and appendices) contain or refer to Confidential Information. The receiving Party also need not destroy their work product that may contain Confidential Information.

9. The termination of this Litigation shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order. The Court will retain jurisdiction of enforcing this Protective Order once the case is closed.

10. Any request to restrict public access to materials designated as Confidential pursuant to this Protective Order must comply with the requirements of the local rules of this Court.

1   11. This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

**IT IS SO ORDERED:** The parties' proposed Protective Order at ECF No. 76 is **DENIED** without prejudice. IT IS ORDERED that the parties file by **December 16, 2025**, a revised proposed order that addresses filing documents marked confidential in accordance with LR IA 10-5 and FRCP 5.2, and the substantive standards of *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and its progeny. The parties are also strongly encouraged to address the use of Artificial Intelligence ("AI") in their protective order. In particular, the parties may want to include protocols addressing the type of permissible AI systems (e.g., closed AI system v. open AI system) and any limitations relative to using AI tools for processing discovery materials that contain personal-data identifiers, confidential material, trade secrets, or similar.

_____
United States Magistrate Judge Maximiliano D. Couvillier III

Dated: 12-3-25

5

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN RAYMOND, KYONG 'GINA' RAYMOND, and CHASE HYON individually and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ZACH CONINE, in his official capacity as NEVADA STATE TREASURER & ADMINISTRATOR OF THE NEVADA UNCLAIMED PROPERTY PROGRAM, NEVADA STATE TREASURER'S OFFICE, and DANIELLE ANTHONY, in her official capacity as DEPUTY TREASURER OF UNCLAIMED PROPERTY, NEVADA STATE TREASURER'S OFFICE,<br><br>Defendants. | Case No. 2:23-cv-01195-CDS-MDC<br><br>**APPENDIX A TO JOINT, STIPULATED PROTECTIVE ORDER** |

## AGREEMENT CONCERNING CONFIDENTIALITY

1. I _____ have read the Protective Order entered in the above-captioned Litigation and understand its terms.

2. I agree to be bound by the terms of the Protective Order. I agree to use the information provided to me only as explicitly permitted by the Protective Order.

3. I understand that my failure to abide by the terms of this Protective Order will subject me, without limitation, to civil and criminal penalties for contempt of Court.

4. I submit to the jurisdiction of this Court solely for the purpose of enforcing the terms of the Protective Order and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of this Court.

Dated: _____, 20\_\_

Signed: _____

**IT IS SO STIPULATED.**

| | |
|---|---|
| /s/ Laura C. Fellows<br>Laura C. Fellows *(pro hac vice)*<br>**PAUL LLP**<br>600 Broadway Boulevard, Suite 600<br>Kansas City, Missouri 64105<br>Phone: (816) 984-8100<br>Fax: (816) 984-8101<br>Laura@PaulLLP.com<br><br>**COUNSEL FOR PLAINTIFFS** | AARON D. FORD<br>  Attorney General<br><br>By: /s/ Kyle J. Hoyt<br>     Jessica E. Whelan (Bar No. 14781)<br>       Chief Deputy Solicitor General<br>     Kyle J. Hoyt (Bar No. 14886)<br>       Senior Deputy Attorney General<br>     1 State of Nevada Way, Suite 100<br>     Las Vegas, NV 89119<br>     Phone: (702) 486-3420<br>     Fax: (702) 486-3773<br>     jwhelan@ag.nv.gov<br>     khoyt@ag.nv.gov<br><br>***Attorneys for Zach Conine, Danielle Anthony and Nevada State Treasurer's Office*** |

7