UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Steven Raymond, et al., | Case No. 2:23-cv-01195-CDS-MDC |
| Plaintiffs | **Order Granting Defendants' Motion to Strike Amended Complaint** |
| v. | |
| Zach Conine, et al., | [ECF Nos. 67, 68] |
| Defendants | |

Plaintiffs Steven Raymond, Kyong 'Gina' Raymond, and Chase Hyon bring this class action lawsuit against Zach Conine, in his official capacity as Nevada State Treasurer and Unclaimed Property Administrator of the Nevada State Treasurer's Office, and Danielle Anthony, in her official capacity as Deputy Treasurer of Unclaimed Property for the Unclaimed Property Division. The plaintiffs filed their original complaint on July 27, 2023. Compl., ECF No. 1. The next day, they filed an amended complaint as a matter of course. First am. compl., ECF No. 7. The defendants then moved to dismiss the amended complaint, *see* ECF No. 28, which I granted with leave to amend, *see* ECF No. 42. In turn, the plaintiffs filed a second amended complaint on September 4, 2024. Second am. compl., ECF No. 46; Notice of corrected image, ECF No. 66. Again, the defendants moved to dismiss. Mot. dismiss, ECF No. 48. The court granted in part that motion to dismiss and denied leave to amend the complaint. Order, ECF No. 65 at 13. The plaintiffs filed a third amended complaint. Third am. compl., ECF No. 67. The defendants now move to strike the third amended complaint, contending the TAC does not comply with the court's August 29, 2025 order, because it adds additional allegations and expands the class size by two years. Mot. strike, ECF No. 68. The motion to strike is fully briefed. Resp., ECF No. 70; Reply, ECF No. 71. For the reasons set forth herein, I grant the defendants' motion.

I.      Discussion

The Federal Rules of Civil Procedure (FRCP) provide that once a party amends its pleading once as a matter of course, it may only amend the pleading again if the opposing party gives written consent or the court grants leave. Fed. R. Civ. P. 15(a). Further, Rule 12(f) gives courts discretion to strike from a pleading matter that is redundant, immaterial, impertinent, or scandalous. Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft, Co.*, 618 F.3d 970, 973 (9th Cir. 2010). Local Rule IA 10-1(d) enforces these rules by allowing the court to strike "any document that does not conform to an applicable provision" of the FRCP.

Here, the plaintiffs filed their third amended complaint.[1] However, without seeking leave of court, the plaintiffs expanded the class by a period of two years and included allegations related to the dismissed takings clause claim.[2] *See* ECF No. 70. In doing so, the plaintiffs violated Rule 15(a) of the FRCP. That violation alone is grounds to strike the complaint, *see* LR IA 10-1(d), so the defendants' motion is granted.

Nonetheless, for clarity, the court addresses the remainder of the arguments raised in the motion. First, as it relates to the allegations related to the dismissed takings clause claim, striking those allegations is appropriate under Rule 12(f) of the FRCP because it is redundant and impertinent. Those allegations seemingly seek to relitigate issues—namely, the Fifth Amendment takings claim—that this court has already resolved. *See* Fed. R. Civ. P. 12(f); *Whittlestone*, 618 F.3d at 973; ECF No. 60 (dismissing the plaintiffs' Fifth Amendment takings claim with prejudice). The plaintiffs argue that inclusion of the words "Fifth" or "Fifth Amendment" was unintentional and perhaps the result of oversight. *See* ECF No. 70 at 3. As

---

[1] The order permitting amendment stated that the TAC must comply with the order dismissing the second amended complaint, meaning it permitted the due process claim to proceed, but dismissed the takings claim with prejudice and without leave to amend. *See* ECF No. 65 at 13.
[2] The plaintiffs did not dispute that they did so without leave of court.

officers of the court, the court accepts the plaintiffs' explanation. But it only confirms that those allegations are irrelevant and should therefore be stricken. Further, the plaintiffs admit they added additional allegations "regarding NUUPA's presumptive abandonment timetable," but assert that those allegations are essentially new twists on the same theory. *See id.* at 5. Nonetheless, the plaintiffs added those allegations without leave of court, which violates both the FRCP and LR 15-1, so those allegations are stricken.

Likewise, expanding the class period by two years without leave of court is inappropriate so the allegation expanding the class period back to 2021 (ECF No. 67 at ¶ 90) is stricken. While the plaintiffs contend that the defendants have been on notice of their intent to bring the class dating back to 2021, they failed to set forth those allegations in the original complaint, the first amended complaint, or the second amended complaint. In fact, even after claiming they intended to file an errata to correct the oversight,[3] they failed to do so. This litigation has been pending for almost three years. If the plaintiffs seek to expand the class period, they must file a motion meeting the appropriate standard.

However, the court agrees that the allegations that are related to, or explain, the due process claim, namely paragraphs 21, 28, 35, and 50 through 54 are appropriate, so the motion to strike those paragraphs are denied.[4]

## II.    Conclusion

IT IS THEREFORE ORDERED that the defendants' motion to strike **[ECF No. 68] is granted**, as explained in this order.

---

[3] *See* ECF No. 29 at 6 n.7.

[4] Although the plaintiffs also brought a new allegation set forth in paragraph 110, the allegation does not substantively change the theory behind the due process claim, so the court does not strike that allegation.

IT IS FURTHER ORDERED that if the plaintiffs seek to file an amended third amended complaint to remove the sections stricken by this order, they must do so by April 23, 2026. The amended third amended complaint must comply with ECF No. 65 and this order and must be titled as such. The plaintiffs may not bring any new allegations, claims, or make any other substantive changes to the allegations without leave of court.

Dated: April 16, 2026

_____
Cristina D. Silva
United States District Judge